M. Martin Gordon, Defendant in Error, v. Sophia P. Krieger and J. R. Krieger, Plaintiffs in Error.

Gen. No. 32,610.

Heard in the first division of this court for the first district at the April term, 1928. Opinion filed January 21, 1929.

ISADORE BECKER and DELAVAN B. COLE, for plaintiffs in error; DELAVAN B. COLE, of counsel.

DITTUS & CHATROOP, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error defendants question the judgment entered in a fourth-class action of trover tried by the court. The goods mentioned in a replevin writ were not taken and a statement of claim in trover was filed, alleging that defendants "wrongfully took all of said property and converted it to their own use." The finding of the court was that defendants were "guilty of having maliciously, wilfully and intentionally, and with intent to injure and defraud the plaintiff converted to the defendants' own use" the property, and assessed the plaintiff's damages at $800. Defendants

do not contend against the judgment for $800, but protest against the finding of malicious conversion on the ground that it is not responsive to the issues made by the pleadings nor supported by the evidence.

Trover may be divided into two classes: (1) Where a conversion alone is the gist of the action and malice not an essential element; and (2) where malice is made the gist of the action by proper averments in the pleadings. The allegations of the instant statement fall within the first class. Plaintiff replies that in a fourth-class case in the municipal court the action is what the evidence makes it, and argues that if the evidence justifies a finding of malicious conversion the judgment should stand.

Applying this test, without passing upon the applicability of the rule to an action in trover, we hold that the evidence did not justify the finding of malice.

The bill of exceptions, which presents the evidence in narrative form, shows that plaintiff sold to Orla T. Goodrich the property in question (household furniture) under a conditional sales contract which provided for payment in instalments, and that the title thereto should remain in the seller until all instalments were paid, and that in case of default the purchaser should surrender the property on demand. Goodrich took possession of the furniture and made default in certain payments due under the contract and "the plaintiff made demand from the defendants for the delivery of said property to him, which demand was refused by the defendants, on the ground that said property had been delivered to them as security for rent amounting to $330 due from him to the defendants on certain premises owned by them and occupied by said Goodrich." The value of the chattels was $1,500, and plaintiff's interest therein was $800.

This is virtually all of the transaction shown in the record. It does not appear that defendants had any

knowledge of the Goodrich contract or were informed of the nature of plaintiff's claim. There is simply the bare statement that the plaintiff demanded that it be delivered to him without any showing as to the basis of the demand. The defendants might properly refuse to deliver the furniture without some showing of right in the party making the demand. Goodrich had left the property in their custody as security for the rent due them and they could honestly believe that they were entitled to hold the same until their lien was paid. So far as the record shows, plaintiff was an entire stranger to defendants. Under such circumstances, while the finding of wrongful conversion was proper, it was error to find that the taking and conversion was malicious.

Defendants do not question the finding of $800 damages. For the reasons indicated the judgment is reversed, and as the case was tried by the court, judgment will be entered here finding defendants guilty of wrongfully taking the property of plaintiff described in the replevin writ and converting it to their own use, and assessing plaintiff's damages at the sum of $800.

*Reversed and judgment in this court against defendants for $800.*

O'CONNOR, P. J., and MATCHETT, J. concur.